| | |
|---|---|
| 1 | RICHARD L. MAHFOUZ II |
| | Clerkin & Sinclair, LLP |
| 2 | 964 5th Avenue, Suite 235 |
| | San Diego, CA 92101 |
| 3 | Telephone: (619) 308-6550 |
| | Fax: (619) 923-3143 |
| 4 | rlmahfouz@clerkinlaw.com |
| 5 | Attorneys for Plaintiff |
| | STATE FARM MUTUAL AUTOMOBILE |
| 6 | INSURANCE COMPANY |
| 7 | MELINDA HAAG (CSBN 132612) |
| | United States Attorney |
| 8 | JOANN M. SWANSON (CSBN 88143) |
| | Chief, Civil Division |
| 9 | ANN MARIE REDING (CSBN 226864) |
| | Assistant United States Attorney |
| 10 | |
| | 450 Golden Gate Avenue, Box 36055 |
| 11 | San Francisco, California 94102-3495 |
| | Telephone: (415) 436-7200 |
| 12 | FAX: (415) 436-6748 |
| | annie.reding@usdoj.gov |
| 13 | |
| | Attorneys for Defendant |
| 14 | UNITED STATES OF AMERICA |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | No. CV 11-0321 JCS |
| Plaintiff, | ) ) | STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE |
| v. | ) ) | SETTLEMENT |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY STIPULATED by and between plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff"), and defendant United States of America ("Defendant"), by and through their respective attorneys, as follows:

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
CV 11-0321 JCS

WHEREAS, Plaintiff filed the above-captioned action on January 21, 2011 under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.,* alleging $2,577.46 in property damage incurred by Plaintiff's insured arising out of a traffic accident with a vehicle owned by the U.S. Postal Service;

WHEREAS, Defendant disputes any liability or fault on the part of the United States, its agencies, agents, servants, or employees, and it is specifically denied that it is liable to the Plaintiff;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ( "Agreement");

WHEREAS, PLAINTIFF represents that it submitted an administrative claim with the United States Postal Service on or about March 31, 2010, for claim number 05-B265-896 (USPS File No. TC201032559);

WHEREAS, Plaintiff represents that it provided insurance coverage to Willis Dang, insuring his 1998 Acura Integra, California License 5BYF484, on or about December 9, 2009, and

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action ("This Action") under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Postal Service, and/or its current and former agents, servants, employees, and attorneys.

STIPULATION AND [~~PROPOSED~~] ORDER APPROVING COMPROMISE SETTLEMENT
CV 11-0321 JCS                                            2

3.     **Settlement Amount**. The United States of America agrees to pay State Farm Mutual Automobile Insurance Company the sum of One Thousand Two Hundred and Eighty Eight Dollars and Seventy Three Cents ($1,288.73) (the "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen, property damage and the consequences thereof, resulting, and to result, from the subject matter of this settlement, for which Plaintiff or its guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4.     **Release**. Plaintiff and its guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims arising from, and by reason of any and all known and unknown, foreseen and unforeseen, property damage and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

5.     **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that he will, no later than seven days after the Court's approval of this Stipulation and Agreement, execute a Stipulation of Dismissal With Prejudice, which stipulation shall dismiss with prejudice all claims asserted in This Action or any claims that could have been asserted in This Action. The fully executed Stipulation of Dismissal With Prejudice will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

6.     **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agencies, agents, servants, or employees, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of

compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by its attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11 **Payment by Check**. Payment of the Settlement Amount will be made by check for One Thousand Two Hundred and Eighty Eight Dollars and Seventy Three Cents ($1,288.73) made payable to "Clerkin & Sinclair in trust for State Farm Mutual Automobile Insurance Company." The check will be mailed to Plaintiff's attorneys at the following address: 701 B Street, Suite 1160, San Diego, CA 92101. Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff. Plaintiff and its attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders"

this Agreement to process.

12. **Complete Defense**. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

13. **District Court Retains Jurisdiction**. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind this Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

14. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

15. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

17. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and

voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED:

CLERKIN & SINCLAIR, LLP

DATED: 6/30/11

RICHARD L. MAHFOUZ II
Attorney for Plaintiff

DATED: 6/17/2011

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

MELINDA HAAG
United States Attorney

DATED: 7/1/2011

ANN MARIE REDING
Assistant United States Attorney
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: July 5, 2011

THE HONORABLE
United States District Judge
Judge Joseph C. Spero

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
CV 11-0321 JCS                            6